UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MANUEL LAMPON-PAZ,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF JUSTICE AND UNKNOWN DEFENDANTS,<br><br>Defendants. | Civ. No. 16-9071 (KM) (JBC)<br><br>OPINION and ORDER |

## KEVIN MCNULTY, U.S.D.J.:

### I. Introduction

The *pro se* plaintiff, Manuel Lampon-Paz, brings this action against the United States Department of Justice and certain unknown defendants for negligence, tortious interference, and intentional and unintentional infliction of emotional distress. Now before the Court are Lampon-Paz's motion (ECF no. 55)[1] for a temporary restraining order pursuant to Fed. R. Civ. P. 65(b); his motion (ECF no. 62) to order Defendants to identify an unknown telephone caller, which may be construed as a petition for a writ of mandamus; and his motions (ECF nos. 33, 53) for appointment of pro bono counsel. For the reasons expressed below, the motions are DENIED.

### II. Background

The Complaint primarily alleges that Defendants tortiously interfered with Mr. Lampon-Paz's former marriage by purposefully dragging out an immigration investigation against the plaintiff and his ex-wife for falsely stating

---

[1] Record items cited repeatedly will be abbreviated as follows:

"Compl." = Complaint (ECF no. 1)

"Pl. Mot." = Immediate Request for a Restraining Order (ECF no. 55)

during his ex-wife's immigration process that they had first met abroad. The Plaintiff states that "no criminal charges will be brought" against him, but he has tried to convince federal prosecutors to bring charges against him "so my marriage would not be ruined." (Compl. 5) According to Plaintiff, the ongoing investigation has financially and emotionally harmed himself, his marriage, his ex-wife and his son. Plaintiff seeks "a writ for an order to show cause as to why they have not chosen to file charges in my case." (Compl. 11)

Plaintiff also believes that he must be under civil investigation because, "In a meeting with the U.S. attorney's Office member, Peter Fox, I was told that I was considered a threat to the public due to my past occupation as a federal law enforcement officer." (Compl. 11) Therefore, Plaintiff seeks an "order to show cause as to why" the U.S. Attorney's Office has initiated a civil investigation with regard to him.

In addition to the orders to show cause requested in passing, in the body of the Complaint, Plaintiff makes a demand for money damages. (Compl. 17) ("I am asking the court to order the defendants to pay $2,160,000.00 for their tortious interference, malfeasance and negligent behavior.")

In the application for a temporary restraining order now before the Court, Mr. Lampon-Paz requests "that the court issue a restraining order on the defendants, that they should not be allowed to contact EDLP, CMLP [his family members] and Manuel Lampon-Paz, in any way, shape or form or be within 3000 feet of EDLP or his mother at any time until the court has ruled on the order to show cause."[2] (Pl. Mot. 1)

In a letter dated July 26, 2017, Plaintiff also requested that this Court order Defendants to reveal the identity of an unknown individual who

---

[2] It is unclear to which request for an order to show cause Plaintiff's TRO application refers. In his Complaint, Plaintiff also seeks an Order to Show Cause pursuant to 28 U.S.C. § 2243. Section 2243 pertains to applications or a writ of habeas corpus. Plaintiff is not in custody, and no habeas application has been made here, nor does it seem relevant to the allegations of the Complaint.

2

telephoned Plaintiff in July 2017 to state that "he was turned on by what happened" to Plaintiff's son. (ECF no. 62) Plaintiff states:

> I realize now that the defendants might have a recording of the conversation that took place. It has also come to my attention that this individual might have received my information from the defendants, as he is unkown to me. I am asking the court to mandate the defendants to take action before [Plaintiff's son] is harmed again.

(*Id.*) He offered to file a request for an emergency writ of mandamus if required by the Court. (*Id.*)

### III. Discussion and Analysis[3]

#### A. Temporary Restraining Order

A preliminary injunction requires that a plaintiff demonstrate that (1) he is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest. *See Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1988). Essentially the same standard applies to temporary restraining orders. *See Ballas v. Tedesco*, 41 F. Supp. 2d 531, 537 (D.N.J. 1999).

Plaintiff's application fails to make the requisite showing for several reasons. For present purposes, it suffices that Plaintiff has not demonstrated a likelihood of success on the merits.

The success of the Complaint's tort claims and requests for orders to show cause largely depend on the allegations that Department of Justice attorneys abused their discretion whether or not to investigate and prosecute

---

[3] A *pro se* litigant, such as Lampon-Paz here, is ordinarily entitled to considerable leeway. *See Niblack v. Murray*, No. CV12691OMASTJB, 2016 WL 4086775, at *1 n.1 (D.N.J. July 29, 2016) (citing *Pratt v. Port Auth. of N. Y. & N.J.*, 563 F. App'x 132, 134 (3d Cir. 2014) ("[B]ecause [the plaintiff] is proceeding pro se, we will construe his brief liberally."); *Marcinek v. Comm'r*, 467 F. App'x 153, 154 (3d Cir. 2012) (holding that courts are "under an obligation to liberally construe the submissions of a pro se litigant")). *See generally Haines v. Kerner*, 404 U.S. 519 (1972). I have construed Lampon-Paz's submissions in the liberal spirit of *Haines*.

Mr. Lampon-Paz.[4] However, "[t]he Supreme Court has observed that the executive branch 'has exclusive authority and absolute discretion to decide whether to prosecute a case.'" *Stolt–Nielsen, S.A. v. United States*, 442 F.3d 177, 183 (3d Cir. 2006) (quoting *United States v. Nixon*, 418 U.S. 683, 693, 94 S. Ct. 3090 (1974)). Indeed, "[t]he prosecutorial discretion retained by the Attorney General and United States Attorneys to enforce the Nation's criminal laws is broad." *Soobzokov v. Attorney Gen. of U.S.*, 515 F. App'x 98, 100 (3d Cir. 2013). "And it is well established 'that an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion. This recognition of the existence of discretion is attributable in no small part to the general unsuitability for judicial review of agency decisions to refuse enforcement.'" *Id.* at 101 (quoting *Heckler v. Chaney*, 470 U.S. 821, 831, 105 S. Ct. 1649 (1985) (internal citations omitted)).

"Of course, a prosecutor's discretion is 'subject to constitutional constraints.'" *United States v. Armstrong*, 517 U.S. 456, 464, 116 S. Ct. 1480, 1486 (1996) (quoting *United States v. Batchelder*, 442 U.S. 114, 125, 99 S. Ct. 2198, 2204–2205 (1979)). However, Plaintiff does not allege, let alone demonstrate, the violation of any constitutional constraint here in the exercise of prosecutorial discretion not to charge him.

Plaintiff additionally alleges that Defendants have sexually assaulted or otherwise mistreated him, his ex-wife, and his son. However, these are only allegations. The allegations themselves are vague and replete with references to unknown individuals and hearsay statements. No evidence is proffered.

Therefore, Plaintiff has failed to demonstrate a likelihood of success on the merits. Accordingly, the motion for a temporary restraining order is denied.

---

[4] As explained above, Plaintiff claims that he was injured by the decision *not* to prosecute him in connection with an immigrations investigation, and by the decision *to* investigate him civilly as a "threat to the public." I note that Plaintiff has not put forth any evidence that either investigation exists.

4

### B. Emergency Writ of Mandamus

I will construe Plaintiff's letter request for an order requiring the identification of the unknown telephone caller (ECF no. 62) as a petition for a writ of mandamus under 28 U.S.C. § 1361.[5] I find, however, that Plaintiff has not demonstrated that this Court has jurisdiction to grant mandamus relief under these circumstances.

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. United States Dist. Court for N. Dist. of Cal.*, 426 U.S. 394, 402, 96 S. Ct. 2119 (1976) (citing *Will v. United States*, 389 U.S. 90, 95, 88 S. Ct. 269 (1967). "For a court to have jurisdiction to grant mandamus relief, a petitioner must demonstrate (1) 'a clear abuse of discretion or conduct amounting to usurpation of . . . power,' (2) 'that [he] lack[s] adequate alternative means to obtain the relief [sought],' and (3) 'that [his] right to issuance of the writ is clear and indisputable.'" *Soobzokov*, 515 F. App'x at 100 (quoting *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 309, 109 S. Ct. 1814 (1989) (internal citations and punctuation omitted)).

Here, Plaintiff clearly fails to demonstrate a danger of imminent lawless action or failure of a federal officer to perform a clear statutory duty. Mr. Lampon-Paz is concerned for his son; that is understandable, and the court is sympathetic. Mandamus will not issue, however, on the basis of speculation that Defendants "might have a recording" of the disturbing conversation. Nor is it the purpose of the "extraordinary remedy" of mandamus to allow concerned citizens to enlist the federal district court in a private investigation of alleged wrongdoing.

Accordingly, Plaintiff's mandamus petition is denied.

---

[5] "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

5

### C. Appointment of Pro Bono Counsel

Finally, Plaintiff has moved for the appointment of pro bono counsel.

Indigent persons raising civil rights claims have no absolute right to counsel. *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). As a threshold matter, there must be some merit in fact or law to the claims the plaintiff is attempting to assert. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). In determining whether to appoint counsel, a court considers the following: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *See id.* at 155-56, 157 n.5; *see also Cuevas v. United States*, 422 F. App'x 142, 144-45 (3d Cir. 2011) (per curiam) (reiterating the *Tabron* factors). The power to appoint counsel lies solely with the discretion of this Court. *See Parham*, 126 F.3d at 457.

It is impossible to say at this early stage that the claims are meritorious, or that the other *Tabron* factors have been established. *See Miller v. New Jersey Dep't of Corr.*, No. 08-3335, 2009 482379, at *15 (D.N.J. Feb. 25, 2009) (citing *Chatterjee v. Phila. Fed'n of Teachers*, Nos. 99-4122, 99-4233, 2000 WL 1022979 (E.D. Pa. July 18, 2000)). At a minimum, however, it appears that the allegations are vague and that it is impossible even to identify who, if anyone, is alleged to be responsible for the acts referred to in the complaint. Nor can I determine whether the case will turn on the availability of experts, involve the credibility of witnesses, and so on.

Chiefly, however, I cannot find that the threshold showing of legal merit has been made. The application for *pro bono* counsel will therefore be denied without prejudice to a reapplication should developments in the case warrant it.

**ORDER**

For the reasons set forth above,

IT IS this 28th day of July, 2017

ORDERED that the motion (ECF no. 55) for a temporary restraining order pursuant to Fed. R. Civ. P. 65(b) is DENIED; and it is further

ORDERED that the motion (ECF no. 62) to order Defendants to identify an unknown telephone caller, construed as a petition for a writ of mandamus, is DENIED; and it is further

ORDERED that the motions (ECF nos. 33, 53) for appointment of pro bono counsel is DENIED.

KEVIN MCNULTY
United States District Judge