UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MANUEL LAMPON-PAZ,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF JUSTICE AND UNKNOWN DEFENDANTS,<br><br>Defendants. | Civ. No. 16-9071 (KM) (JBC)<br><br>OPINION and ORDER |

### KEVIN MCNULTY, U.S.D.J.:

The *pro se* plaintiff, Manuel Lampon-Paz, brings this action against the United States Department of Justice and certain unknown defendants. The Court has entered an Opinion and Order ("Op.", ECF no. 64) denying the plaintiffs' motion (ECF no. 55) for a temporary restraining order pursuant to Fed. R. Civ. P. 65(b); his motion (ECF no. 62) to order Defendants to identify an unknown telephone caller, which may be construed as a petition for a writ of mandamus; and for other relief (ECF nos. 33, 53). Now before the Court is Mr. Lampon-Paz's motion for reconsideration. (ECF no. 65) The motion for reconsideration will be denied.

The standards governing a motion for reconsideration are well settled. *See generally* D.N.J. Loc. Civ. R. 7.1(i). Reconsideration is an "extraordinary remedy," to be granted "sparingly." *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996). Generally, reconsideration is confined to three scenarios: (1) when there has been an intervening change in the law; (2) when new evidence has become available; or (3) when necessary to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Carmichael v. Everson*, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004). Local Rule 7.1(i)

requires such a motion to specifically identify "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." *Id.*; *see also Egloff v. New Jersey Air Nat'l Guard*, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Evidence or arguments that were available at the time of the original decision will not support a motion for reconsideration. *Damiano v. Sony Music Entm't, Inc.*, 975 F. Supp. 623, 636 (D.N.J. 1997); *see also North River Ins. Co.*, 52 F.3d at 1218; *Bapu Corp. v. Choice Hotels Int'l, Inc.*, 2010 WL 5418972, at *4 (D.N.J. Dec. 23, 2010) (citing *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001)).

The allegations and arguments presented on reconsideration are very nearly identical to those presented in the original motions. They involve, among other things, allegations of abuse by "Mr. O" and "Chase", an anonymous phone call, and the government's failure to prosecute plaintiff or his ex-wife for illegal entry into the United States. There are other allegations as well, which are summarized in the prior Opinion and will not be repeated here.

My prior Opinion discussed at length the reasons that the requested injunctive and mandamus relief is unavailable—in some respects, because there is no cause of action as a matter of law, and in others because the allegations are simply too vague and unsupported by evidence. At any rate, the motion contains no new or overlooked matter, and therefore is inappropriate for reconsideration under the standards stated above.

### ORDER

For the reasons set forth above,

IT IS this 19th day of September, 2017

ORDERED that the plaintiff's motion for reconsideration (ECF no. 65) is DENIED.

/s/ Kevin McNulty
KEVIN MCNULTY
United States District Judge

2