UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MANUEL LAMPON-PAZ,**<br><br>**Plaintiff,**<br><br>v.<br><br>**DEPARTMENT OF JUSTICE, UNKNOWN DEFENDANTS, UNITED STATES OF AMERICA, DEPARTMENT OF HOMELAND SECURITY, STATE OF NEW JERSEY,**<br><br>**Defendants.** | Civ. No. 16-9071 (KM) (JBC)<br><br>**OPINION** |

## KEVIN MCNULTY, U.S.D.J.:

The *pro se* plaintiff, Manuel Lampon-Paz, is a frequent litigant in this district.[1] He brings this action against the United States Department of Justice,

---

[1]  A search of the electronic filing system reveals that Mr. Lampon-Paz has filed nine prior actions in this court, all but one of them against federal agencies:

| | |
|---|---|
| *12-cv-04485-WJM-MF* | *LAMPON-PAZ et al v. DEPT. OF HOMELAND SECURITY* |
| *13-cv-05757-WJM-MF* | *LAMPON-PAZ v. DEPARTMENT OF HOMELAND SECURITY* |
| *15-cv-05594-KM-MAH* | *LAMPON-PAZ v. GOOGLE INC.* |
| *15-cv-05835-KM-JBC* | *LAMPON-PAZ v. OFFICE OF PERSONNEL MANAGEMENT* |
| *16-cv-05052-KM* | *LAMPON-PAZ v. COMMISSIONER OF SOCIAL SECURITY* |
| *16-cv-08650-KM-MAH* | *LAMPON-PAZ v. OFFICE OF PERSONNEL MANAGEMENT* |
| *16-cv-09537-KM* | *LAMPON-PAZ v. COMMISSIONER OF SOCIAL SECURITY* |
| *17-cv-02044-KM-MAH* | *LAMPON-PAZ v. DEPARTMENT OF TREASURY* |
| *17-cv-6395 KM-JBC* | *LAMPON-PAZ v. DEPARTMENT OF JUSTICE* |

Two of these prior actions are highlighted in the discussion of *res judicata*, Section III.A, *infra*:

The first, 12cv4485, alleged that the government was retaliating against Mr. Lampon-Paz for blowing the whistle on a terrorist plot. The means of retaliation

the State of New Jersey, and other related defendants. The most recent version of the complaint is the Amended Complaint (DE 106), filed on August 14, 2018.[2]

Now before the court are motions by the United States (DE 130) and the State of New Jersey (DE 136) to dismiss the Complaint for lack of jurisdiction and failure to state a claim. The allegations, although obviously deeply and sincerely felt, fail to state a claim that can be addressed by this federal court. The motions to dismiss are granted.

## I.  Allegations and Procedural Background

The allegations of the Complaint may be summarized as follows.

The plaintiff, a former air marshal, alleges on behalf of himself and a minor child, EDLP, that these governmental defendants created discord in his relationships, coerced sexual acts, and engaged in physical abuse of the plaintiffs. Mr. Lampon-Paz dated and later married CMLP, who was living in the U.S. illegally at the time. The two concealed her illegal status and concocted a false story, involving a trip back and forth to Colombia, so that she could apply to live in the U.S. legally. The government allegedly attempted to coerce sexual favors from CMLP. Mr. Lampon-Paz insists that he and CMLP should be prosecuted for immigration fraud, but the government refuses to do so. The couple unfortunately were divorced in 2016, and Mr. Lampon-Paz attributes the divorce to the defendants' actions.

I here summarize a sampling of the large number of incidents recited in the Complaint:

---

allegedly included various mind control techniques and subliminal messages. Judge Martini granted a motion to dismiss. See 2013 WL 2475859.

The second, 13cv5757, alleged that the government impaired Mr. Lampon-Paz's marriage and harmed him while he was sleeping. It also alleged that individuals had harassed the son, EDLP. Judge Martini granted a motion to dismiss. See 2014 WL 252909.

[2]  The "Complaint" referred to herein is this document. There are two other documents filed under the title of "Amended Complaint" (DE 25, 41) which appear to have been superseded.

2

- "[A]n unknown blonde female" told him to "be quiet about what we did to your wife or we will take the passport evidence in the charity care case to the prosecutor." (Compl. at 6);
- "[A]n elderly gentleman told me to take back my filing or that I would regret it at the U.S. Attorney's Office" (Compl. at 7);
- "On two occasions, my tire has blown out and it had lost all but one lug nut. These items happened while I was out visiting or at the gym." (Compl. at 7);
- "I have been punched in the face while walking home from a bar." (Compl. at 7);
- Plaintiff's house and car were broken into and he was "unable to wake up and had my covers removed from my pelvis and a bruise on my buttocks," among other things. (Compl. at 7);
- Plaintiff's child, EDLP, "has awakened with the back door open and the covers completely removed from his body while he was at my residence." (Compl. at 7);
- "An individual named Mr. O. was left alone with EDLP in his kindergarten class on several occasions" and that an individual in California "seemingly removed EDLP's pants while he was in detention and that this same individual was in on a field trip with EDLP and took him in his car when EDLP fell ill." (Compl. at 7, 13, 15);
- Defendants "have used electronic surveillance unlawfully" to chat with him through an internet poker site. (Compl. at 16).
- "[A] helicopter flew close, within 15 feet, of our house and used EDLP's first name." (Compl. at 16).

## II. Applicable Standards

Rule 12(b)(1) governs jurisdictional challenges to a complaint. These may be either facial or factual attacks. *See* 2 Moore's Federal Practice § 12.30[4] (3d ed. 2007); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

3

A facial challenge asserts that the complaint does not allege sufficient grounds to establish subject-matter jurisdiction. *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015); *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999). It "review[s] only whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court." *Common Cause of Penn. v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009) (quoting *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006)).

A factual attack, on the other hand, permits the Court to consider evidence extrinsic to the pleadings. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000), *holding modified on other grounds by Simon v. United States*, 341 F.3d 193 (3d Cir. 2003). Such a factual attack "does not provide plaintiffs the procedural safeguards of Rule 12(b)(6), such as assuming the truth of the plaintiff's allegations." *CNA v. United States*, 535 F.3d 132, 144 (3d Cir. 2008).

Under Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss the complaint for failure to state a claim upon which relief may be granted. For purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014). Federal Rule of Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570.

The briefs and pleadings of a *pro se* litigant, such as Mr. Lampon-Paz here, will be construed without strict regard to legal forms. *See Niblack v.*

*Murray*, No. CV126910MASTJB, 2016 WL 4086775, at *1 n.1 (D.N.J. July 29, 2016) (citing *Pratt v. Port Auth. of N. Y. & N.J.*, 563 F. App'x 132, 134 (3d Cir. 2014) ("[B]ecause [the plaintiff] is proceeding pro se, we will construe his brief liberally."); *Marcinek v. Comm'r*, 467 F. App'x 153, 154 (3d Cir. 2012) (holding that courts are "under an obligation to liberally construe the submissions of a pro se litigant")). *See generally Haines v. Kerner*, 404 U.S. 519 (1972). I have construed Lampon-Paz's submissions in the liberal spirit of *Haines*. Nevertheless, even "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. Motion to Dismiss of United States

#### A. Res Judicata

The United States moves to dismiss the Complaint on grounds of *res judicata*, based on final decisions rendered by Judge Martini in two prior actions brought by this plaintiff.[3] Those prior decisions are No. 12-4485 (WJM), 2013 WL 2475859 (*Lampon-Paz I*), and No. 13-5757 (WJM), 2014 WL 252909 (*Lampon-Paz II*). (Copies of those prior decisions are attached to the defendant's motion. (DE 130-3, 130-5). I cite to page numbers in the slip opinions.)

Because the *res judicata* doctrine is here invoked as between actions in federal district court, federal standards apply:

> Claim preclusion bars suit when three elements are present: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991).

---

[3] *Res judicata* is an affirmative defense. *See* Fed. R. Civ. P. 8(c). Nevertheless, it may be considered on a motion to dismiss if its applicability can be determined from the face of the complaint and documents that are properly considered on a Rule 12(b)(6) motion. *See Ross v. Meyer*, 741 F. App'x 56, 59–60, 2018 WL 3322260, at *3 (3d Cir. July 6, 2018) (citing *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997)).

5

*Davis v. Wells Fargo,* 824 F.3d 333, 341–42 (3d Cir. 2016). Those three elements of *res judicata* are satisfied here.

### 1. Final judgment

Judge Martini's decisions in *Lampon-Paz I* and *II* were final judgments on the merits. A dismissal for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1), because it does not touch the merits, is presumptively without prejudice and therefore not final. *Siravo v. Crown, Cork & Seal Co.,* 256 F. App'x 577, 580–81 (3d Cir. 2007) (non-precedential) (citing *In re Orthopedic "Bone Screw" Prods. Liab. Litig.,* 132 F.3d 152, 155 (3d Cir. 1997)). A final dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), however, constitutes a final judgment. *See Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 399 n.3 (1981).

In *Lampon-Paz I,* Judge Martini granted dismissal under both Rule 12(b)(1) and Rule 12(b)(6). Because Mr. Lampon-Paz had not exhausted administrative remedies, his appeal from a decision of the Merit Systems Protection Board (MPSB) was denied for lack of subject-matter jurisdiction. *Id.* at 4. As to "Plaintiff's remaining claims," however, Judge Martini granted dismissal "because Plaintiff failed to state a claim upon which relief can be granted." *Id.* Because the plaintiff had previously amended his complaint once and further amendment appeared futile, the dismissal was entered with prejudice.

In *Lampon-Paz II,* Judge Martini *sua sponte* found a lack of subject-matter jurisdiction and also granted a Rule 12(b)(6) motion to dismiss the complaint for failure to state a claim. As to jurisdiction, Judge Martini cited case law from other Circuits dismissing on jurisdictional grounds claims, like those of the plaintiff, that the government was engaging in mind control or sending subliminal messages. *Id.* at 9–10. Because the "Third Circuit has not taken a stance" on that jurisdictional issue, however, Judge Martini went on to hold that "[e]ven if the court had jurisdiction to entertain Plaintiff's claim, the Complaint would still have to be dismissed on a variety of other procedural and

6

substantive grounds." *Id.* at 10. The grounds cited included state sovereign immunity, *res judicata* (based on *Lampon-Paz I*), and failure to state a plausible claim under the standards of *Twombly* and *Iqbal, supra. Id.* at 10–12.

Both decisions, I find, were final judgments on the merits as to the claims relevant here.

### 2. Same parties or privies

This case is brought by Mr. Lampon-Paz personally and on behalf of his son, EDLP. The plaintiffs in *Lampon-Paz I* and *Lampon-Paz II* were the same.

The identified federal defendants in this case are the United States, the (U.S.) Department of Justice, and the Department of Homeland Security.[4] The federal defendants in *Lampon-Paz I* and *II* were the Department of Homeland Security, Department of Justice, and Social Security Administration. To the extent the parties are not precisely identical, the distinctions are immaterial. "[F]ederal agencies are in privity with the United States for purposes of *res judicata* . . . ." *Middleton v. United States Dep[']t of Labor*, 318 F. Supp. 3d 81, 87 (D.D.C. 2018); *see also Mervin v. Fed'l Trade Comm'n*, 591 F.2d 821, 830 (D.C. Cir. 1978).

Thus the second requirement, that the suits involve the same parties or their privies, is met.

### 3. Same cause of action

The requirement that the earlier suit and the current one involve the "same cause of action" requires some explication:

> "[W]e take a broad view" of whether suits are based on the same cause of action, and we focus on "the essential similarity of the underlying events giving rise to the various legal claims." *Churchill v. Star Enters.*, 183 F.3d 184, 194 (3d Cir. 1999) (quotation marks omitted). Thus, even if a second suit alleges new or different events, it is still based on the same cause of action if the new allegations "seek[ ] recovery for essentially the same wrongful

---

[4] The caption also refers to "Unknown Defendants." To the extent they may be regarded as federal personnel, they are included in the motion to dismiss. The State of New Jersey, also named as a defendant, is discussed below.

7

> conduct" or a "single course of wrongful conduct." *Id.* at 195. "The fact that several new and discrete [actionable] events are alleged does not compel a different result" because "[a] claim extinguished by res judicata includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, <u>or series of connected transactions</u>, out of which the action arose." [citing *Elkadrawy v. Vanguard Grp., Inc.*, 584 F.3d 169, 174 (3d Cir. 2009)] (quotation marks omitted).

*Crimone v. McCabe Weisberg & Conway, P.C.*, 737 F. App'x 107, 109–10 (3d Cir. 2018).

The "same cause of action" does not mean the "same legal theory." Where the necessary transactional connection is present, "res judicata bars not only claims that were brought in the previous action, but also claims that could have been brought." *Elkadrawy*, 584 F.3d at 173 (citing *Post v. Hartford Ins. Co.*, 501 F.3d 154, 169 (3d Cir. 2007)); *see also Davis*, 824 F.3d at 342; *Lubrizol*, 929 F.2d at 963.

*Lampon-Paz I* and *Lampon-Paz II* involve allegations related or identical to those asserted here. In *Lampon-Paz I*, the plaintiff alleged that he was a whistleblower; that subliminal messaging had been used to control him and harass him; that his son, EDLP, had been assaulted; that a medical procedure may have been performed on him without his permission; that he was punched in the face in Paterson, NJ; that another federal air marshal drugged him to prevent him from informing on a steroids ring; that he was harassed because he tried to warn the government of a terrorist attack in 2009; that an FBI agent and someone using the name ramjam255 had harassed him online; and his award of Social Security disability benefits had the downside of rendering him ineligible to continue his career based on an adjustment disorder.

In *Lampon-Paz II*, he alleged that the federal defendants had caused harm to his marriage and other relationships; that they had used means such as electromagnetic waves and brain mapping; that the brain mapping induced him to meet with an old girlfriend; that these electronic methods had physically injured him in his sleep; that his son, too, had been exposed to these electronic

8

methods and ultrasonic messaging; and that the defendants had destroyed his marriage by disclosing to each partner that the other had had an affair.

The allegations in this current action are identical or overlapping. In this action, Mr. Lampon-Paz alleges that the government retaliated against him for reporting a terrorist plot; that certain shadowy persons, "Chase" and "Mr. O," have committed assaultive acts against EDLP; that the government has caused him physical harm and/or influenced his thoughts and actions; that the government's actions interfered with his marriage; and so on.

The third requirement of *res judicata*, then, is met. Mr. Lampon-Paz is barred from bringing in this action all claims that were brought, or could have been brought, against the federal defendants in the prior actions.

Out of caution, however, I consider alternative grounds for dismissal that have been raised by the United States.

### B. Failure to Exhaust Under FTCA

Many of the claims may be considered tort claims against the United States, which are governed by the Federal Tort Claims Act ("FTCA").[5] As to these, the court lacks jurisdiction because administrative remedies have not been exhausted, and the deadlines to do so expired long ago.

"[T]he United States, as sovereign, is immune from suit save as it consents to be sued" and "the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980). The FTCA is a limited waiver of that sovereign immunity. Subject to a number of exceptions and conditions, it allows a plaintiff to recover damages for "injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. §§ 1346(b);

---

5  As to such FTCA claims, the only proper defendant is the United States itself. As against federal agencies and others named as defendants, such claims are routinely dismissed. *See Priovolos v. FBI*, 632 F. App'x 58, 60 (3d Cir. 2015); *Martinez v. U.S. Post Office*, 875 F. Supp. 1067, 1074 (D.N.J. 1995) (dismissing FTCA claims against federal agency and federal employee).

9

2679(b)(1). One of those conditions is that a plaintiff may not bring suit against the United States "unless [he] shall have first presented the claim to the appropriate federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a). To qualify as a presentment, such a written claim must be one that "(1) gives the agency written notice of [the] claim sufficient to enable the agency to investigate and (2) places a value on [the] claim." *Tucker v. U.S. Postal Service*, 676 F.2d 954, 959 (3d Cir. 1982). The claim must be brought within two years of accrual. 28 U.S.C. § 2401(b). Failure by the agency to act within six months will be deemed a denial. *See* 28 U.S.C. § 2675(a).

"Exhaustion of all administrative remedies under the FTCA 'is jurisdictional and cannot be waived.' *Bialowas v. U.S.*, 443 F.2d 1047, 1049 (3d Cir. 1971)." *Dunn v. Samuels*, No. CV 16-3558(RMB), 2016 WL 3621122, at *3 (D.N.J. July 6, 2016); *accord Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015). "Strict compliance with Section 2675(a) is required to establish subject matter jurisdiction over an FTCA suit. *See e.g., Livera v. First Nat'l State Bank of N.J.*, 879 F.2d 1186, 1194 (3d Cir. 1989)." *Hermann v. United States*, No. 15-6682 (RBK/AMD), 2016 WL 3512112, at *1 (D.N.J. June 27, 2016).

Because exhaustion of administrative remedies is a jurisdictional *prerequisite* to suit, the relevant time for measuring exhaustion is the time of filing the complaint. In *McNeil v. United States*, for example, the Court upheld the dismissal of a *pro se* plaintiff's claim under the FTCA where the plaintiff had filed a claim for administrative relief, but only after filing suit. 508 U.S. 106, 111–12 (1993). Nor, in such a case, can jurisdiction be restored by subsequent administrative action and the filing of a post-exhaustion amended complaint. *Hoffenberg v. Provost*, 154 F. App'x 307, 310 (3d Cir. 2005).

Mr. Lampon-Paz, using Form SF-95, filed an administrative tort claim with the Department of Justice on November 20, 2016.[6] (*See* Declaration of

---

[6] Some five days earlier, this Court had filed an opinion in another of Mr. Lampon-Paz's cases describing the exhaustion requirement much as I have described

10

Elijah Jenkins ¶ 3 & Ex. A (DE 130-6).) Attached was what appears to be a version of the federal court complaint later filed in this action, with the notation "Please read attached complaint. It has not been filed in court." (DE 130-6 at 5) Eighteen days later, with no administrative action having been taken, Mr. Lampon-Paz filed the Complaint in this action. (DE 1)[7]

For this jurisdictional reason, too, the tort claims in the Complaint must be dismissed. Because amendment would not cure the jurisdictional defect as a matter of law, leave to further amend the Complaint would be futile.

### C. Constitutional/*Bivens* claims

The Complaint purports to state claims against the federal defendants under the Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution. The vehicle for such a claim can only be a *Bivens* action. *See Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 390 (1971). As against the federal government and its agencies, there is no viable claim because the United States has not waived its sovereign immunity. *See FDIC v. Meyer*, 510 U.S. 471, 485–86 (1994); *United States v. Testan*, 424 U.S. 392, 400–02 (1976).[8]

---

it here and granting a motion to dismiss. *Lampon-Paz v. Office of Personnel Management*, Civ. No. 15-5835, DE 40 (Nov. 15, 2016).

[7] The Amended Complaint (DE 106) was filed in August 2018. As noted above, this filing would not cure the lack of subject-matter jurisdiction. *See Hoffenberg, supra*. In his responses, Mr. Lampon-Paz notes that the exhaustion requirement may be satisfied by means other than the submission of a Form SF-95. (DE 142-1 at 5, 143-2 at 6–7) But he did submit a Form SF-95, and he does not point to any other written submission or administrative decision that would satisfy the exhaustion requirement.

[8] That leaves the "Unknown Defendants," who might be individuals, as opposed to government agencies. The *Bivens* case itself, of course, permitted an action to proceed against unknown agents of the Bureau of Narcotics (a federal predecessor of the DEA). There, however, the plaintiff was searched by acknowledged federal agents, arrested and taken to federal court; it seems that he simply did not know the names of the agents. Mr. Lampon-Paz's Complaint, by contrast, contains insufficient factual matter to permit a plausible inference that many of the unidentified persons (such as

11

**D. Legal Insufficiency of Claims**

Remaining non-constitutional claims in the Complaint are also legally insufficient.

The allegation that the government injured Mr. Lampon-Paz by failing to prosecute him or his ex-wife for immigration fraud states no legal cause of action. "[T]he executive branch 'has exclusive authority and absolute discretion to decide whether to prosecute a case.'" *Stolt-Nielsen, S.A. v. United States*, 442 F.3d 177, 183 (3d Cir. 2006) (quoting *United States v. Nixon*, 418 U.S. 683, 693, 94 S. Ct. 3090 (1974)). "And it is well established 'that an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion. This recognition of the existence of discretion is attributable in no small part to the general unsuitability for judicial review of agency decisions to refuse enforcement.'" *Soobzokov v. Attorney Gen. of U.S.*, 515 F. App'x 98, 101 (3d Cir. 2013) (quoting *Heckler v. Chaney*, 470 U.S. 821, 831, 105 S. Ct. 1649 (1985) (internal citations omitted)). No recognized cause of action is invoked.[9]

The plaintiff cites 50 U.S.C. § 1810, the civil liability section of the Foreign Intelligence Surveillance Act. That section, however, does not waive sovereign immunity as against the United States, *see Al-Haramain Islamic Found., Inc. v. Obama*, 705 F.3d 845, 854 (9th Cir. 2012), and at any rate would require compliance with the exhaustion requirements of the FTCA (*see* Section III.B, *supra*). Moreover, civil liability must be premised on a prior criminal conviction under the Act, not present here. *Id.* The plaintiff

---

the helicopter pilot, mugger, or "Mr. O"), were government agents at all. As to those potential individual defendants, the Complaint fails to state a claim.

[9] "Of course, a prosecutor's discretion is 'subject to constitutional constraints.'" *United States v. Armstrong*, 517 U.S. 456, 464, 116 S. Ct. 1480, 1486 (1996) (quoting *United States v. Batchelder*, 442 U.S. 114, 125, 99 S. Ct. 2198, 2204–2205 (1979)). It cannot be exercised, for example, on the basis of race. However, Plaintiff does not allege, let alone demonstrate, the violation of any constitutional constraint here in the exercise of prosecutorial discretion not to charge him.

acknowledges that this is the "wrong statute." (DE 142-1 at 17, DE 143-2 at 18)[10]

The plaintiff cites 18 U.S.C. §§ 2242, 2243, 2244. Those are criminal statutes relating to sexual abuse. They do not create a private right of action. *See Jordan v. Cicchi*, No. 08-6088 (AET), 2010 WL 848809, at *12 (D.N.J. Mar. 9, 2010) (the "sexual abuse statutes at 18 U.S.C. §§ 2241, 2242, 2244, are criminal statutes and do not give rise to any private right of action"), *aff'd in part, vacated in part on other grounds*, 428 F. App'x 195 (3d Cir. 2011).

These allegations legally fail to state a claim against the United States.

### E. *Twombly/Iqbal* Factual Pleading Standards

A claim is plausible when it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Under these standards, *see* section II, *supra*, the Complaint at times fails to state a viable legal theory, and at times fails to plausibly allege facts to suggest that the government might be connected to the events alleged.

The Complaint alleges, for example, that Mr. Lampon-Paz was punched while walking home from a bar; that he had a flat tire; that there was a break-in at his home; that "Mr. O" was left alone with EDLP at school; that a helicopter buzzed his home; and that he is being surveilled through an online poker website. The allegations are generally vague as to names, dates, places, and the like. More fundamentally, however, they make no plausible *factual* link to anything the government did or did not do.

These allegations factually fail to state a claim against the United States.

\*   \*   \*

---

10    He says that he meant instead to assert a claim based on the government's failure to investigate wrongdoing. Such a claim would be barred by the discretionary-function exception to the FTCA. *See Pooler v. United States*, 787 F.2d 868, 871–72 (3d Cir. 1986) ("Congress did not intend to provide for judicial review of the quality of investigative efforts"). *See also* preceding paragraph in text regarding failure to prosecute immigration fraud.

13

For all of the foregoing reasons, the motion of the United States to dismiss the Complaint is granted.

### IV. Motion to Dismiss of State of New Jersey

The State of New Jersey, too, moves to dismiss the Complaint for lack of subject-matter jurisdiction and failure to state a claim. The jurisdictional argument is based on the State's Eleventh Amendment immunity from a suit for damages; the closely-related statutory argument is that the State is not a "person" for purposes of 42 U.S.C. § 1983.

The State was added as a defendant in 2018, in connection with the filing of the Complaint in its current, amended form. It is not entirely clear which allegations of the Complaint are specifically directed to the State. It appears, however, that they center around the State's alleged "[f]ailure to properly fulfill their duties" in connection with complaints of child abuse. (Compl. ¶¶ 8–10) The claims are alleged to arise under the Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution. Although no particular cause of action is identified, I interpret these as Constitutional claims pursuant to 42 U.S.C. § 1983. The relief sought consists of damages totaling $11,160,000. (Compl. p. 20, Demand)

The Eleventh Amendment to the U.S. Constitution, which is of jurisdictional stature, renders the states immune from certain claims: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. For more than a century, the Eleventh Amendment has been held to incorporate a more general principle of sovereign immunity. In general, it bars citizens from bringing suits for damages against any state in federal court. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100–101 (1984); *Kelley v. Edison Twp.*, No. 03-4817, 2006 WL 1084217, at *6 (D.N.J. Apr. 25, 2006) (citing *Bennett v. City of Atl. City*, 288 F. Supp. 2d 675, 679 (D.N.J. 2003)); *see also Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54

(1996); *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974); *Hans v. Louisiana*, 134 U.S. 1 (1890).

Also applicable is the statutory principle that a State is not a "person" amenable to suit under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 67–70 (1989). That doctrine, closely parallel to that under the Eleventh Amendment, also bars section 1983 suits for damages against "governmental entities that are considered 'arms of the state' for Eleventh Amendment purposes," which are "no different from a suit against the State itself." *Id.* at 70–71; *Howlett v. Rose*, 496 U.S. 356, 365 (1990).[11]

This is a section 1983 suit for damages against the State or its departments. It is jurisdictionally barred by the Eleventh Amendment, and it fails to state a claim against a "person" within the meaning of section 1983. The State's motion to dismiss is therefore granted.

## V. Request to Amend/Dismissal With Prejudice

The remaining question is whether to dismiss the Complaint with or without prejudice. The plaintiff proffers that he should be permitted to amend his Complaint again. Because amendment would be futile, I deny leave and enter this dismissal with prejudice. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (on Rule 12(b)(6) dismissal, curative amendment should be permitted "unless an amendment would be inequitable or futile"); *Massarsky v. Gen. Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983) (futility as grounds to deny motion to amend, generally).

To begin with, the plaintiff has had ample opportunity to assert his claims. In this action, he has already been given one opportunity to amend. Indeed, the chief basis for dismissal is *res judicata,* based on the dismissal of these claims in prior lawsuits. *Res judicata* forecloses claims that were or could have been brought in the prior actions. *See* Section III.A, *supra*.

---

[11] State officials, sued in their official capacities, are likewise not "persons" subject to a damages suit under section 1983, although they may be subject to a claim for injunctive relief. *Will*, 491 U.S. at 71 n.10; *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985).

In a supplemental submission, Mr. Lampon-Paz asks to amend his Complaint further to add additional information and claims. (DE 145)

First, he includes "photos of [his] feet and ankles as well as items of clothing (socks) that show a blueish green blood discoloration." (DE 145 at 4). These are said to relate to the government's use of chemicals or microwaves. This information does not suggest a plausible claim for relief that could be asserted in a further amended complaint.

Second, he states that the State or local authorities failed to preserve records of past interactions with himself or EDLP. That in itself is not a basis for a federal claim. It also falls within the *res judicata* bar.

Third, the failure to investigate "ramjam2255," an internet stalker, or allegations of sexual assault fails to add anything substantive to the discussion above, and in any event falls within the *res judicata* bar.

Fourth, the request to add a claim under 42 U.S.C. § 1983 is redundant. As to the State, I have already interpreted the Constitutional claims as § 1983 claims. As to the federal government, § 1983 does not apply; the only available Constitutional remedy is a *Bivens* action, already discussed.

Fifth, OPM will not be added as a defendant. The plaintiff has already asserted his claims against OPM in other actions. *See* n.1, *supra*.

## CONCLUSION

For the reasons set forth above, the motion of the United States and related defendants (DE 130) and motion of the State of New Jersey (DE 136) to dismiss the Amended Complaint (DE 106) are granted, with prejudice. An appropriate Order follows.

KEVIN MCNULTY
United States District Judge